I write separately merely to clarify my thinking concerning the extra-territoriality issue posed by Oakwood's Second and Third assignments of error. I do not understand that a municipality is necessarily precluded from regulating an aspect of a building located partly within the municipality when that aspect is situated in the part of the building located outside its borders. For example, a municipality might reasonably require a store in which toxic chemicals are sold to be located at some distance from residential areas within the municipality, even when the toxic chemicals are located, and the counter from which they are sold is located, outside that municipality. If the entrance to the store were located within the regulating municipality, I would have no trouble with the regulation.
In the case before us, I cannot find any legitimate interest that the City of Oakwood has in regulating the drive-through window that is located outside its territory. The only interest that the City asserted at the oral argument of this appeal is that of protecting residents of the neighboring City of Kettering from having a nearby drive-through window that might annoy or distract them. In my view, this is not a sufficient interest, since the Kettering residents have their own municipal bodies with appropriate authority to enact and to enforce comparable regulations.
I agree with the overruling of Oakwood's assignments of error, and concur in the judgment affirming the judgment of the trial court.